## UNITED SHOE MACHINERY COMPANY v. ANNIE M. RAMLOSE, etc., Appellant.

### In Banc, December 17, 1910.

For the reasons set forth in United Shoe Machinery Company v. Ramlose, *ante*, page 508, the action of the trial court in refusing to sustain defendant's motion to enter judgment for defendant *non obstante veredicto*, is sustained.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams*, Judge.

AFFIRMED.

WOODSON, J.—This appeal grows out of a case between these same parties, which was tried in the circuit court of the city of St. Louis, which resulted in a verdict and judgment for defendant. It was appealed to this court and is numbered 15087, while that is numbered 15088.

Upon the incoming of the verdict in that case, the defendant, on the 18th day of May, 1908, and within four days after the trial and during the same term of court, filed in said cause a motion for judgment *non obstante veredicto*, as follows (formal parts omitted):

"Now comes the defendant and moves the court to enter judgment in her favor, notwithstanding the verdict herein, for:

"1st. The return to the defendant of the two National Heelers Nos. 774 and 713 and two Bussel Heel Trimmers Nos. 781 and 1852, their assessed value of $11.65, at the option of the defendant, and also for the damages assessed by the jury for the detention thereof.

"2nd. For the sum of three thousand six hundred and sixteen dollars and ten cents, the damages assessed by the jury for being deprived of the possession and use of the leased machines from the 8th day of April, 1903, to the 15th day of May, 1908.

231 Sup.—35

"3d.    For the return to the defendant of the leased machines mentioned in the petition and order of delivery, except the two National Heelers and two Bussel Heel Trimmers aforesaid, or for the sum of $5988.35, the value of the same, according to the undisputed testimony in the case, at the option of the defendant.

"And for grounds for this motion, defendant alleges the following:

"1st.    Because this court erred in not obeying the mandate of the Supreme Court in this case.

"2d.    Because the undisputed testimony in this case shows that all of the machines taken under the order of delivery in this case are in the possession of the plaintiff, and the Supreme Court commanded this court, if such was the fact, to proceed as prescribed by sections 4473 and 4474, Revised Statutes 1899, the first of which requires the jury to assess the value of the property taken, and the damages for the taking and detaining the same for the time such property was taken or detained from defendant until the day of the trial of the cause, and the other (section 4474) requires the court to enter judgment against the plaintiff and his surety that he return the property taken, or pay the value so assessed at the election of the defendant, and, also, pay the damages assessed for the taking and detention of the property, and cost of suit, and because this court refused to obey the mandate of the Supreme Court so to do in this case, and further because this court erred in instructing the jury not to assess the value of the leased machines and also erred in withdrawing that issue from the consideration of the jury.

"3d.    Because the verdict of the jury as directed by the court and returned by the jury and the judgment of the court, does not do complete justice between the parties hereto, in this, that while it restores to the defendant the machines that were absolutely owned by defendant, or their assessed value at her option, and also gives to defendant the damages for the taking and

detention of the loaned machines, it does not restore the *status quo* of the parties as it existed at the time this action was begun and at the time the machines were taken from the defendant under the order of delivery, but leaves the leased machines in the possession of the plaintiff, so placed in such possession by virtue of the order of delivery aforesaid, and which the Supreme Court said in its mandate the plaintiff was not entitled to, and because this court has not obeyed the mandate of the Supreme Court that the defendant be restored to all things lost by virtue of the order of delivery and judgment heretofore entered in favor of the plaintiff.''

The court overruled this motion, to which action of the court the defendant duly excepted and appealed the cause to this court.

We have at the present sitting of this court handed down a decision in the case before mentioned, reversing the judgment and remanding the cause to the circuit court for a new trial.

The reversal of that judgment necessarily denies defendant's right to have this motion sustained.

We, therefore, affirm the order of the circuit court overruling this motion. All concur, except *Graves, J.,* who dissents.